## NEW YORK SUPERIOR COURT.

### TYNG agt. MARSH.

*Settlement of a case on appeal.*

The settled practice of the court requires that amendments to a case should specify the particular parts or passages of the proposed case to which objection is made; should designate with certainty the particular points at which new matter is proposed to be inserted; should, so far as practicable, present every alteration desired in such form and manner that the precise difference between the parties may most easily and readily strike the eye of the judge or referee.

It is not necessary, generally, to insert *in extenso* or any considerable portion of the stenographer's notes of the trial in a proposed case, or proposed amendments; where they are in possession of the parties or one of them, they may be referred to by the folio or page.

The question of the materiality of the testimony to be inserted in a proposed case or amendments should be determined by the judge or referee who tried the cause.

*Special Term, January,* 1876.

MOTION to strike out certain amendments proposed by defendants to plaintiff's proposed case on appeal.

*T. M. Tyng,* for the motion.

*Marsh & Wallis,* opposed.

SANFORD, *J.* — It is apparent from the papers read on this motion that the plaintiff seeks a review upon questions of fact, and particularly upon the important question whether a contract between the parties (exhibit C), the validity of which constitutes the chief point of controversy in this cause, was

VOL. LI        59

voluntarily entered into on the part of the plaintiff, or whether such contract was procured from him by fraud, pressure and undue influence, practiced or exerted by the defendants, then acting as his attorneys at law.

It is conceded on both sides that all the testimony taken on the trial, which is material in the determination of this question, should be inserted in the case on appeal. The parties differ widely, however, as to the materiality of the greater part of the testimony taken, the plaintiff claiming that but a small portion thereof is material, while the defendant insists that all, or nearly all, bears so closely upon the questions involved as to require, for the purpose of review, a *verbatim et literatum* transcript of the whole evidence as reported by a stenographer, whose notes, by mutual stipulation, were to be furnished to the referee and used in making a case in the event of an appeal.

A wide scope is always allowed to both parties in the investigation of issues involving charges of fraud, and as the result is almost always inferential in its character, it is not remarkable that there should be a difference of opinion as to the precise bearing of testimony, whether tending to inculpate or exonerate. The better course, in such cases, would seem to be the presentation of all the testimony taken on the trial which either party claims to be material, unless its irrelevancy is so manifest as to involve an imputation of bad faith on the part of the party insisting on its insertion. The question of materiality, however, can be better determined by the judge or referee before whom the trial was had than by any one else, and ought in all cases to be submitted to his decision. No one will doubt that the referee in this case is especially competent to pass upon such a question, and that the relevancy or irrelevancy of the testimony may, with perfect safety, be left to his arbitrament. But the plaintiff contends that the amendments sought to be stricken out are improper in form, and that they present, to all intents and purposes, a new case, drawn by the defendants, and

Tyng agt. Marsh.

intended as a substitute for that proposed by himself. So far as the objection to the form of the amendments rests upon the defendants' omission to insert therein, *in extenso*, the particular portions of the stenographer's notes which they desire to have inserted, instead of referring, as they have done, to the folios or pages upon which such portions thereof are inscribed, I think it untenable. The stenographer's notes are in possession of the plaintiff. I can see no reason for discriminating in this regard between such notes, transcribed for the use of the parties and referee in making the case, under an express stipulation to that effect, and depositions taken out of court, under commission, *de bene esse*, or otherwise, which it is conceded may be merely referred to, and need not be set out at length, in a proposed case or proposed amendments thereto. All that is requisite is certainty and precision, and greater certainty and precision are attained by a direct and unmistakable reference to well defined passages of the minutes themselves than by long extracts therefrom, which, of course, involve the necessity of comparison and authentication. Before the introduction of stenographers as a part of the machinery by which the administration of justice is facilitated, precision and certainty required that proposed amendments should be couched in clear and explicit language setting forth the precise alterations desired. But even then the insertion of depositions and exhibits was proposed by a mere reference to them, without transcribing them in full.

Doubtless the settled practice of the court requires that amendments should specify the particular parts or passages of a proposed case to which objection is made ; should designate with certainty the particular points at which new matter is proposed to be inserted; should, so far as is practicable, present every alteration desired in such form and manner that the precise difference between the parties may most easily and readily strike the eye of the judge or referee. No doubt an amendment, whereby a wholly new case is sought to be substituted for that originally proposed, ought not, in most

Tyng agt. Marsh.

cases, to be sanctioned, for the reason that the labor of settling cases would thus be largely increased. But this rule is founded in convenience, and has its exceptions (*Stuart* agt. *Binsse*, 3 *Bosw.*, 657, 660). There are "cases in which the case proposed is so inaccurate that any attempt to amend it will amount in substance to proposing an entire change." It is conceded that the proposed case, now under consideration, contains but a small part, comparatively, of the whole testimony actually taken at the trial; and the affidavits read in opposition to the motion distinctly charge that "the plaintiff has so mutilated, distorted and changed the testimony * * * that the proposed case does not in any manner present the case as tried." Without assuming to determine whether or not this charge is well founded, which I could only do by a minute and detailed examination and comparison thereof with the stenographer's notes, I think the fact that it is made brings the case within the exception stated in *Stuart* agt. *Binsse*, above cited, so far as any extensive proposed substitutions are concerned, and at least requires that the whole matter be submitted to the referee before whom the cause was tried, and who is better qualified than any one else can be to settle this controversy as well as the case. I am not satisfied that the amendments in question ought not to be made in form and substance as proposed. The plaintiff's motion must therefore be denied.

Motion denied, with ten dollars costs.